# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. ROBINSON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 12-0448-KD-C |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This cause is before the undersigned on plaintiff's letter motion to dismiss this action with prejudice (Doc. 22). Upon a review of plaintiff's motion, and all other relevant pleadings in the Court's file, this report and recommendation is entered pursuant to 28 U.S.C. § 636(b).

## FACTUAL BACKGROUND

Plaintiff, James E. Robinson, filed suit in this Court on July 11, 2012, and therein named as defendants the United States Department of Education, B. Gentry, and GC Services. (Doc. 1.) Mr. Robinson's suit centers on two educational loans he received in 1987 while attending Carver State Technical College and the defendants' efforts to collect on those loans. (*See id.*, Attachments.)

After service of the complaint on all defendants (*see* Docs. 10-11), defendants GC Services and B. Gentry filed a motion to dismiss (Doc. 12). The moving defendants argued therein that plaintiff's complaint should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. (*See id.*) The

undersigned took the motion under submission and ordered plaintiff to file a response in opposition not later than January 25, 2013. (Doc. 18.) Plaintiff failed to respond to the motion to dismiss by the January 25, 2013 deadline (*see* Docket Sheet); however, some three days later, on January 28, 2013, the United States Department of Education filed an unopposed motion for an extension of time to file a responsive pleading on the basis that counsel for this defendant had been successful in negotiating a "settlement in principle[]" and needed an additional thirty (30) days "to prepare the appropriate documents for Plaintiff's signature and filing with the Court." (Doc. 19, at 1 & 2.) This motion seeking an extension of the time period for the United States Department of Education to file a responsive pleading, which was granted by endorsement of the Court on January 29, 2013 (Doc. 20), prompted the undersigned to enter an order on January 31, 2013, instructing plaintiff to inform this Court—by February 13, 2013— whether he intended to maintain this action against GC Services and B. Gentry (Doc. 21). It was in response to this order that plaintiff filed his letter motion to dismiss this action with prejudice on February 13, 2013. (Doc. 22.) Plaintiff's motion contains the basic terms of his agreement with the defendants, those being that in exchange for Mr. Robinson's agreement to not pursue this action any further the defendants have agreed that they will no longer pursue "any type of debt in this matter." (*Id.*) Plaintiff's representation of the basic contours of settlement are confirmed by the email he received from counsel for GC Services and B. Gentry, L. Jackson Young, Jr., Esquire, on February 5, 2013 (*see id.*, Attached Email ("This confirms our agreement that in exchange for GC Services' agreeing not to attempt any further collection efforts toward you regarding the subject account, you agree to dismiss with prejudice the complaint and all claims asserted in it against GC Services and Mr. Gentry. No money will be exchanged, and this agreement only applies to the Department of Education loan made

the basis of this suit. I'm not aware of any, but no other accounts are affected or included in our agreement.")), as well as the stipulation of dismissal filed yesterday's date and signed by Mr. Robinson and counsel for the United States Department of Education (Doc. 23).

## CONCLUSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request" by court order "on terms that the court considers proper." *Id*. Based upon plaintiff's most recent pleading (Doc. 22), and the stipulation of dismissal filed by the United States Department of Education on February 19, 2013 (Doc. 23), the undersigned **RECOMMENDS** that the Court **DISMISS THIS ACTION WITH PREJUDICE** based upon the specific terms delineated by the parties in the motion to dismiss (Doc. 22) and the stipulation of dismissal (Doc. 23). Dismissal of this action with prejudice will, of course, **MOOT** the motion to dismiss filed by defendants' GC Services and B. Gentry (Doc. 13).

**DONE** this the 20th day of February, 2013.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).